## CIRCUIT COURT OF CHESTERFIELD COUNTY

Southwood Builders, Inc.

    v.

Chesterfield County

June 22, 1990

Case No. CL89-848

By JUDGE HERBERT C. GILL, JR.

The parties stipulated that the case has been properly brought on and that all statutory requirements had been satisfied.

The primary issue to be decided by the Court is whether or not there was unjustified delay by the plaintiff in substantially completing the contractual obligations under the agreement between the parties. Although there are numerous secondary issues, all fall within the broad primary issue.

The threshold decision is one that resolves the ambiguity within the contract itself. Both parties recognize the patent ambiguity between "calendar days" as contained in the plaintiff's proposal and Paragraph 26 of the Special Provisions of the Contract and "working days" contained in the three-page memorandum of contract. Where there is an obvious ambiguity contained in a writing, parol testimony and surrounding circumstances are admissible to show the true facts. The intention of the parties, their dealings with each other, and the peculiar facts surrounding each particular case are determinative of the question. *Brumley v. Grumstead*, 170 Va. 340, 359 (1938). Under any interpretation of the facts of this case, it is apparent to the Court from all of the evidence that the parties intended "calendar days" as the basis of the

contract. The plaintiff's agent, Frank T. Evans, conceded on cross-examination that the contract was based on "calendar days" as opposed to "working days." The Court finds accordingly.

The Court ruled during the course of the trial that parol evidence would not be admissible to vary the terms of the contract where no ambiguity exists. The Court finds no authority and, therefore, is not persuaded to change its decision. Paragraph 55b of the General Provisions (Section IA) of the Contract specifically refers to extensions granted for any delay caused by conditions beyond the control of the contractor. *Sands v. Quigg*, 111 Va. 476 (1910).

The burden of proof is on Southwood to establish that it was entitled to the time extensions that it requested. *Schmulbach v. Caldwell*, 196 F. 16 (4th Cir. 1912). The Court has reviewed the exhibits in an effort to change its initial impression. Upon hearing all the evidence, the plaintiff had failed to carry its burden. None of the exhibits nor counsel's memorandum has persuaded the Court to change its view in the case.

Accordingly, the Court grants judgment to the defendant.